IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MCGRIFF, | : | |
|    Plaintiff | : | No. 1:22-cv-01547 |
| | : | |
|    v. | : | (Judge Rambo) |
| | : | |
| MRS. COUSINS, | : | |
|    Defendant | : | |

# MEMORANDUM

Before the Court is the remaining Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 51.) Also before the Court is Plaintiff's motion for leave to file an amended opposition to the remaining Defendant's motion to dismiss. (Doc. No. 64.) For the reasons set forth below, the Court will deny Defendant's motion and deem withdrawn Plaintiff's motion.

## I.    BACKGROUND

###    A.    Procedural Background

Plaintiff Anthony McGriff, an inmate in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania. While Plaintiff was incarcerated there, he filed a pro se complaint with the United States District Court for the Eastern District of Pennsylvania ("Eastern District") pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 1.) The Eastern District received Plaintiff's

complaint on September 21, 2022. (Id.) Thereafter, on October 3, 2022, the Eastern District transferred Plaintiff's case to this District (Doc. No. 6), and the following day, the Court issued an Order directing Plaintiff to either pay the requisite filing fee or file a signed application to proceed in forma pauperis within thirty (30) days (Doc. No. 10). In accordance with the Court's Order, Plaintiff filed an application for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 11, 12.) In addition, Plaintiff filed two (2) motions seeking the appointment of counsel. (Doc. Nos. 14, 15.)

Thereafter, on January 5, 2023, the Court issued a Memorandum and Order, which granted Plaintiff's motion for leave to proceed in forma pauperis, conducted an initial review of his complaint pursuant to the Prison Litigation Reform Act ("PLRA"),[1] dismissed his complaint in its entirety for failure to state a claim upon which relief could be granted, and granted him leave to file an amended complaint. (Doc. Nos. 28, 29.) By separate Order issued that same day, the Court denied Plaintiff's two (2) motions seeking the appointment of counsel. (Doc. No. 30.)

On February 6, 2023, Plaintiff filed his amended complaint. (Doc. No. 35.) The Court conducted an initial review of his amended complaint on April 26, 2023, pursuant to the PLRA, and partially dismissed his amended complaint for failure to

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

state a claim upon which relief could be granted. (Doc. Nos. 42, 43.) More specifically, the Court allowed Plaintiff to proceed on his Eighth Amendment claim of deliberate indifference to his medical needs against Defendant Cousins, but dismissed all other defendants. (Id.) As a result, the Court directed the Clerk of Court to serve a copy of Plaintiff's amended complaint on Defendant Cousins. (Id.)

Following the Court's issuance of its April 26, 2023 Memorandum and Order, Plaintiff filed another motion seeking the appointment of counsel, which the Court denied. (Doc. Nos. 47, 61.) Thereafter, on June 9, 2023, counsel entered an appearance on behalf of Defendant Cousins and filed an executed waiver of service. (Doc. Nos. 48, 49.) Defendant Cousins then filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, followed by a supporting brief. (Doc. Nos. 51, 52.) On July 21, 2023, Plaintiff filed a "motion of memorandum of law[,]" which the Court construes as a brief in opposition to Defendant Cousins' motion to dismiss. (Doc. No. 55.)[2] And, four (4) days later, on July 25, 2023, Defendant Cousins filed a reply brief. (Doc. No. 57.) On that same date, Plaintiff filed three (3) declarations from fellow-inmates

---

[2] On the same date that Plaintiff filed his brief in opposition to Defendant Cousins' motion to dismiss, he also filed a motion for an order compelling discovery. (Doc. No. 56.) However, that motion was deemed withdrawn for failure to file a supporting brief within fourteen (14) days, as required by the Local Rules of this Court. (Doc. No. 62.)

at SCI Huntingdon concerning general allegations of unnamed correctional officers harassing, bullying, and retaliating against Plaintiff. (Doc. Nos. 58 through 60.)

Additionally, in connection with a motion that Plaintiff filed on July 14, 2023 (Doc. No. 54), the Court afforded Plaintiff the opportunity to file an additional response to Defendant Cousins' motion to dismiss (Doc. No. 61). Plaintiff filed a "reply brief" on September 22, 2023, which the Court construes as a sur-reply brief to Defendant Cousins' reply brief. (Doc. No. 63.)

As reflected by the Court's docket, Plaintiff subsequently filed a motion for leave to file to file an "amend [sic] opposition" to Defendant Cousins' motion to dismiss (Doc. No. 64), followed by an exhibit containing a medical record of Plaintiff (Doc. No. 65 at 2). On January 29, 2024, Defendant Cousins filed a brief in opposition to Plaintiff's motion for leave to file an amended opposition. (Doc. No. 66.) However, as reflected by the Court's docket, Plaintiff did not file a brief in support of his motion. Additionally, before the Court could rule on his motion, he filed his amended opposition on March 8, 2024. (Doc. No. 67.)

**B.    Factual Background**

Plaintiff generally asserts that the events giving rise to his Section 1983 claims occurred at SCI Huntingdon, starting in August of 2020 and ending in November of 2022. (Doc. No. 35 at 4.) Plaintiff also generally asserts that he has bipolar II disorder, depression, anxiety, insomnia, asthma, and COPD for which he has taken

4

medication for years. (Id. at 4, 8–9, 11, 20, 24.) In connection with these assertions, Plaintiff alleges that, on August 10, 2020, Defendant Cousins, a member of the psychiatry staff at SCI Huntingdon (id. at 3), informed him that she would no longer be giving him his psychiatry medication due to an accusation that he had thrown medication at a member of the nursing staff (i.e., former-Defendant Hobble). (Id. at 4, 8); see also (id. at 4 (stating that he has submitted multiple request slips and grievances regarding his medication, but to no avail)). In addition, Plaintiff alleges that he had a meeting with Defendant Cousins on September 2, 2020, during which he expressed concerns regarding the alleged discontinuance of his medication. (Id. at 4; id. at 8 (alleging that he "tried to plead with her about side effects" and that she must "start weaning a person off slowly when . . . they [have] been taking meds for years").) Plaintiff claims, however, that Defendant Cousins disregarded his concerns. (Id. at 4 (stating that he explained to her that there are "side effects as well as withdrawal symptoms" when "dealing with Trasadone [sic] medication[,]" but that she disregarded his concerns and stated that there are no such side effects).) As a result, Plaintiff claims that Defendant Cousins was deliberately indifferent to his serious medical needs when she discontinued his medication. See (id. at 5).

## II.     LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  And a claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court "accept[s] as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." See Taksir v. Vanguard Grp., 903 F.3d 95, 96–97 (3d Cir. 2018) (citation and internal quotations omitted).  The court also construes the factual allegations "in the light most favorable to the plaintiff[.]" See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010) (citation and internal quotations omitted).  The court, however, is not required to credit "conclusions of law" or to draw "unreasonable factual inferences." See Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc., 450 F.3d 130, 133 (3d Cir. 2006).

Additionally, the United States Court of Appeals for the Third Circuit has outlined a three-step process to determine whether a complaint meets the pleading

6

standard established by Twombly and Iqbal.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016).  First, the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'"  See id. (quoting Iqbal, 556 U.S. at 675) (alterations in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"  See id. (quoting Iqbal, 556 U.S. at 679).  And, third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  See id. (quoting Iqbal, 556 U.S. at 679).

## III.   DISCUSSION

Plaintiff filed his amended complaint pursuant to Section 1983 (Doc. No. 35), which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation

omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

Here, the alleged violation is of the Eighth Amendment to the United States Constitution. (Doc. No. 35.) In her motion to dismiss and supporting brief, Defendant Cousins argues that Plaintiff's Eighth Amendment claim is time-barred. (Doc. Nos. 51, 52.) Plaintiff argues, however, that his complaint was timely filed. (Doc. No. 63 at 1.) The Court, having thoroughly reviewed this matter, agrees with Plaintiff.

Although, as set forth above, Section 1983 "does not create any new substantive rights" and "instead provides a remedy for the violation of a federal constitutional or statutory right[,]" see Shuman, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted), state law provides "for the length of the statute of limitations" applicable to Section 1983 claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (citations omitted).

Additionally, as explained by the Third Circuit, "[a] [S]ection 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citation omitted). Here, the applicable state is Pennsylvania, which provides for a two (2)-year statute of

limitations for personal injury claims.  See 42 Pa. Cons. Stat. Ann. § 5524. Accordingly, "[t]he statute of limitations for a [Section] 1983 claim arising in Pennsylvania is two years."  See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted).

However, "the accrual date of a [Section] 1983 cause of action is a question of federal law that is not resolved by reference to state law[.]"  See Wallace, 549 U.S. at 388 (emphasis omitted).  "Accrual is the occurrence of damages caused by a wrongful act—when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  Dique, 603 F.3d at 185 (citation and internal quotation marks omitted).  "The cause of action accrues even though the full extent of the injury is not then known or predictable."  Wallace, 549 U.S. at 391 (citations and internal quotation marks omitted).  Indeed, "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute. . . in the sole hands of the party seeking relief."  See id.  Thus, "[u]nder federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." See Montanez v. Sec'y Pennsylvania Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014) (citation and internal quotation marks omitted); see also Kach, 589 F.3d at 634 (explaining that "[t]he determination of the time at which a claim accrues is an

objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known" (citation omitted)).

Here, Plaintiff's amended complaint asserts the following allegations against Defendant Cousins: on August 10, 2020, Defendant Cousins informed him that she would no longer be giving him his psychiatry medication; and, on September 2, 2020, Defendant Cousins disregarded Plaintiff's concerns regarding the alleged discontinuance of his medication. (Doc. No. 35 at 4, 8.) Thus, applying the foregoing legal principles to these allegations, the Court finds that a reasonable person in Plaintiff's position would have known, or would have had reason to know, of his injuries (at the latest) by September 2, 2020. Accordingly, the statute of limitations would have expired for Plaintiff's Section 1983 claims on September 2, 2022. (Doc. No. 52 at 4 (containing Defendant Cousins' brief in support of her motion to dismiss, wherein she acknowledges that the expiration date for Plaintiff's Section 1983 claims, as asserted against her, is September 2, 2022).)

Defendant Cousins argues that this action was filed on September 21, 2022, and, thus, was filed beyond the statute of limitations. (Doc. Nos. 51, 52.) The Court, however, is unpersuaded. "Under the Federal Rules of Civil Procedure, a pleading is filed when it is delivered to a clerk or to a judge who agrees to accept it for filing." Moody v. Conroy, 762 F. App'x 71, 73 (3d Cir. 2019) (unpublished) (citing Fed. R. Civ. P. 5(d)(2)). However, under "'[t]he federal prisoner mailbox rule[,] . . . a

10

document is deemed filed on the date it is given to prison officials for mailing.'" See id. (quoting Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (some internal quotation marks omitted)). Thus, "[i]n the absence of evidence to the contrary, courts may conclude that an inmate places a filing in the hands of prison authorities for mailing on the date that it is signed." See id. (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014 (assuming, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it")).

Although the docket in this matter reflects that the Eastern District received Plaintiff's complaint on September 21, 2022 (Doc. No. 1), Plaintiff's complaint includes a declaration, which explicitly provides as follows:

> I declare under penalty of perjury that on this 10[th] day of August, 2022, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

(Id. at 32 (underlining removed).)[3]   Thus, under the federal prisoner mailbox rule, Plaintiff's Section 1983 action is deemed filed on August 10, 2022, the date on which he asserts that he delivered his complaint to prison authorities for mailing to the

---

[3] The Court notes that the other documents Plaintiff simultaneously filed with his complaint in the Eastern District suggest that his initial filings were delivered to prison authorities on August 10, 2022. See (Doc. Nos. 1-2 at 1, 2 (containing the USM-285 Process Receipt and Return forms, which are dated August 10, 2022); 2 (containing Plaintiff's application for leave to proceed in forma pauperis, which is dated August 10, 2022)).

11

Eastern District.  See Pabon, 654 F.3d at 391 n.8; Moody, 762 F. App'x 71 at 73; see also White v. Pennsylvania State Police, Troop D Butler Cnty. PA, their Sup'rs & Admin. Body, 408 F. App'x 521, 522 (3d Cir. 2010) (unpublished) (explaining, in the context of a Section 1983 action, that the state prisoner's objections were timely filed even though they were not received by the court before expiration of the filing deadline because those objections were mailed from prison before the deadline and, thus, received "the benefit" of the prisoner mailbox rule).

Accordingly, because there is no evidence to contradict Plaintiff's asserted date, the Court concludes that dismissal on timeliness grounds is not appropriate at this stage of the litigation.  As such, the Court will deny Defendant Cousins' motion to dismiss this action on the basis that it was untimely filed.  See Robinson v. Pennsylvania Dep't of Corr., No. 20-cv-02978, 2022 WL 970760, at *2 (E.D. Pa. Mar. 31, 2022) (following this same approach); Geter v. Dauphin Cnty. Prison Authorities, No. 3:18-cv-01579, 2019 WL 522693, at *3 (M.D. Pa. Feb. 11, 2019) (same).[4]

---

[4] In reaching this ruling, the Court notes that the prior Memorandum and Orders in this matter (Doc. Nos. 28, 29, 42, 43) neglected to draw this distinction between when Plaintiff delivered his complaint to prison authorities for mailing to the Eastern District and when the Eastern District received Plaintiff's complaint.  In light of Defendant Cousins' timeliness arguments that are before the Court, however, such a distinction must now be drawn.

**B.     Plaintiff's Motion for Leave to File an Amended Opposition to Defendant Cousins' Motion to Dismiss**

On January 17, 2024, Plaintiff filed a motion for leave to file an amended opposition to Defendant Cousins' motion to dismiss. (Doc. No. 64.) As reflected by the Court's docket, however, Plaintiff did not file a brief in support of his motion, as required by the Local Rules of this Court. More specifically, Local Rule 7.5 provides as follows:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

See M.D. Pa. L.R. 7.5. Thus, the Court will deem Plaintiff's motion to file an amended opposition to Defendant Cousins' motion to dismiss withdrawn (Doc. No. 64), and the Court will strike Plaintiff's amended opposition (Doc. No. 67) from the Court's docket.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court will deny Defendant Cousins' motion to dismiss Plaintiff's amended complaint. (Doc. No. 51.) In addition, the Court will deem withdrawn Plaintiff's motion for leave to file an amended opposition to Defendant Cousins' motion to dismiss. (Doc. No. 64.) An appropriate Order follows.


Dated: March 26, 2024                    s/ Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge